**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 97-50741**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RUBEN VALLE LUNA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court,**
**for the Western District of Texas**
**(SA-97-CR-36-1)**
_____

May 28, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

In challenging his conviction for conspiracy and attempt to possess with the intent to distribute cocaine, Ruben Valle Luna mainains that three comments by the Assistant United States Attorney (AUSA) during her closing argument (1) improperly impugned his right to counsel, (2) interjected personal opinion, and (3) bolstered the credibility of witnesses.

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The comment giving rise to Luna's impugning-his-right-to-counsel contention does not support his argument.  *Cf.* ***United States v. McDonald***, 620 F.2d 559, 564 (5th Cir. 1980) (prosecutor's comments giving rise to inferences of illegal or unethical acts by defense counsel and of the idea that only the guilty need legal assistance).

The AUSA's alleged interjection of personal opinion was made in rebuttal to Luna's counsel's argument that the Government showed confusion; the AUSA's comment did not affect Luna's substantial rights.  *See* ***United States v. Thomas***, 12 F.3d 1350, 1367 (5th Cir. 1994).

Finally, Luna's counsel did not object to the comments concerning the credibility of witnesses, except for the comments regarding credibility which were expressly tied to the above-discussed issue of confusion.  Our review of the comments, in the context of the total rebuttal argument and the evidence adduced at trial, reveals no plain error.  *See* ***United States v. Vaccaro***, 115 F.3d 1211, 1215-16 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 689 (1998); ***United States v. Carter***, 953 F.2d 1449, 1460-61 (5th Cir. 1992).

*AFFIRMED*